## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE A. ZAMORA, | § | |
| (TDCJ-CID #1614465) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-0106 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

The petitioner, Jorge A. Zamora, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a 2009 state felony conviction for unlawfully possessing a weapon. The respondent filed a motion for summary judgment, (Docket Entry No. 15), with a copy of the state court record. (Docket Entries Nos. 9-10). Zamora filed a response. (Docket Entry No. 16). Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, the court grants the respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

## I. Background

A jury found Zamora guilty of unlawfully possessing a weapon. (Cause Number 1161324). Zamora pleaded true to the enhancement paragraphs alleging a prior conviction for possession of a prohibited weapon (Cause Number 736527) and a prior conviction for sexual assault of a child (Cause Number 967363). In November 2009, the jury sentenced Zamora to serve a 35-year prison term. The First Court of Appeals of Texas affirmed the conviction and sentence in April 2011. *Zamora v. State,* No. 01–09–01049–CR, 2011 WL 1434692, at *1 (Tex. App. -- Houston [1st Dist.]

2011, pet. ref'd) (not designated for publication).  The Texas Court of Criminal Appeals refused Zamora's petition for discretionary review in September 2011.  Zamora filed an application for state habeas corpus relief in June 2012, which the Texas Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing, in October 2013.  (Docket Entry No. 10-15, State Habeas Packet, p. 2).

In January 2014, this court received Zamora's federal petition.  Zamora alleges that his conviction is void because both his appellate and trial lawyers provided ineffective assistance. Zamora alleged that his appellate counsel, J. Sidney Crowley:

> rendered ineffective assistance by failing to "bring error on appeal of a[n] extraneous offense that was preserved in trial when a prior Texas Department of Criminal Justice conviction was presented in trial and trial lawyer objected."

Zamora also alleged that his trial counsel, Brian D. Coyne:

> rendered ineffective assistance by:
>
> (A) failing to object at the earliest opportunity to the State's introduction of the marijuana seized during the arrest;
>
> (B)  failing to object to the perjured testimony of the State's witness, Officer Anderson;
>
> (C)  failing to object to perjured testimony where Officer Anderson said he was the one to find the weapon; and
>
> (D)  failing to object to the admissibility of the illegal search.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

Each ground for relief is examined under the applicable legal standards.

II.     **Factual Background**

The indictment charged Zamora as follows:

> IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:
>
> The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, JORGE ZAMORA, hereafter styled the Defendant, heretofore on or about APRIL 6, 2008, did then and there unlawfully, intentionally and knowingly possess a firearm at a location other than the premises at which the Defendant lived, after being convicted of the felony offense of UNAUTHORIZED USE OF A MOTOR VEHICLE in the District Court of the 47TH Judicial District, POTTER County, Texas, in Cause Number 43,886-A, on SEPTEMBER 19, 2001.
>
> Before the commission of the offense alleged above, (hereafter styled the primary offense), on NOVEMBER 30, 1998, in Cause No. 736527, in the 176TH DISTRICT COURT of HARRIS County, Texas, the Defendant was convicted of the felony of POSSESSION OF A PROHIBITED WEAPON.
>
> Before the commission of the primary offense, and after the conviction in Cause No. 736527 was final, the Defendant committed the felony of SEXUAL ASSAULT OF A CHILD and was finally convicted of that offense on APRIL 12, 2004, in Cause No. 967363, in the 176TH DISTRICT COURT of HARRIS County, Texas.

(Docket Entry No. 10-28, p. 9).

The state introduced State's Exhibit 1, which was entitled "Stipulation of Evidence." It said:

> To The Honorable Judge Of Said Court: The above named defendant in the above styled cause waives the right to appearance, confrontation, and cross-examination of the witnesses against the defendant.    The defendant consents to the following written Stipulation of Evidence regarding the above styled cause:    The defendant hereby stipulates that: I am the same Jorge Zamora who was convicted of the felony offense of unauthorized use of a motor vehicle in the District Court of the 47th Judicial District in Potter County, Texas, in Cause No. 43886-A on September 19, 2001.

3

(Docket Entry No. 9-9, p. 11).

The First Court of Appeals summarized the testimony at trial, as follows:

> On April 6, 2008, Pasadena Police Department Officer J. Anderson
> was on his routine night-shift patrol on the Beltway 8 frontage road,
> a common area for alcohol-related traffic stops and accidents, when
> he noticed a car in front of him swerving between the lanes.  He
> observed the car continue to swerve between the lanes for
> approximately a quarter of a mile before the driver turned off of the
> frontage road without using a turn signal.  Officer Anderson pulled
> the car over, and both vehicles stopped in a parking lot.  As he walked
> to the car, Officer Anderson noticed three people sitting inside, so he
> asked the driver to step out of the car "for [Anderson's] safety."
> Although Officer Anderson did not detect the smell of alcohol on the
> driver's breath, he did smell "the distinct odor of burnt marijuana on
> [the driver's] person." Officer Anderson testified that when he smells
> marijuana on a vehicle's occupant, that smell "[g]ives [him] a pretty
> good clue that there's something going on inside that vehicle that
> either the driver or the participants are taking part in."

> Officer Anderson called for additional units to assist with the other
> two occupants of the car, who included appellant.   Once the
> additional officers arrived, Officer Anderson asked the passengers to
> step out of the car and sit on the ground next to it.  He testified that,
> in this situation, he usually separates the occupants of the vehicle to
> determine the source of the marijuana odor and to "make sure there
> is nothing on them that's going to hurt [the officers.]"  As he was
> securing another occupant of the car, he heard Officer J. Ramirez,
> who was conducting appellant's pat down search, say "gun." Officer
> Anderson walked over to assist Ramirez in appellant's pat down.
> During the search, Officer Anderson felt a bulge in appellant's right
> front pocket, and the officers removed a loaded revolver.  Officer
> Anderson testified on two separate occasions during the trial that he
> continued the pat down search after finding the weapon, and,
> although he did not discover any more weapons, he did discover a
> small baggie of marijuana in appellant's left front pocket.  Defense
> counsel did not object to this testimony.

> During the direct examination of Officer Anderson, the prosecutor
> stated her intention to introduce the marijuana found in appellant's
> pocket into evidence. Defense counsel objected on relevancy grounds

and argued that the marijuana was not material to any issue in the case and would only "inflame and prejudice the jury" against appellant. The trial court overruled the objection and admitted the marijuana during the direct examination of Sebastian Frommhold, a forensic chemist with the Pasadena Police Department.

Officer Ramirez testified that, during her regular patrol, she received a call to assist Officer Anderson in a traffic stop. When she arrived, all of the occupants were sitting on the ground outside of the car. Officer Ramirez testified that, because of safety reasons, she pats down everyone before placing them in the back of her patrol car. She further testified that, as she was patting appellant down, she felt a bulge in his right front pocket, and, after she squeezed the item in his pocket, she believed that it "had the consistencies of a gun." She called out that appellant had a gun, and Officer Anderson came over to assist with the pat down. Officer Ramirez testified that she removed the weapon from appellant's pocket and immediately handed it to Officer Anderson. Defense counsel did not move to suppress the weapon found in appellant's pocket.

At trial, appellant stipulated that he had been previously convicted of the felony offense of unauthorized use of a motor vehicle in 2001. After the jury found appellant guilty of the present offense, appellant pleaded true to the allegations in two enhancement paragraphs, and the jury assessed punishment at thirty-five years' confinement. Appellant did not move for a new trial.

*Zamora v. State,* No. 01–09–01049–CR, 2011 WL 1434692, at *1-2 (Tex. App. -- Houston [1st

Dist.] 2011, pet. ref'd) (not designated for publication).

## III. The Applicable Legal Standards

Zamora's petition for a writ of habeas corpus is reviewed under the federal habeas statutes

as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C.

§ 2254; *Woods v. Cockrell*, 307 F.3d 353, 356 (5th Cir. 2002).

The AEDPA provides:

(d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1)  In a proceeding instituted by an application for a  writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an "adjudication on the merits."  An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural."  *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000).

A state-court determination of questions of law and of mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000).  A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are

materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000).  A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495.  In deciding whether a state court's application was unreasonable, a federal court considers whether the application was "objectively unreasonable." *Id.* at 1495; *Penry v. Johnson,* 215 F.3d 504, 508 (5th Cir. 2000).  The state court's factual findings are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

In addition, under 28 U.S.C. § 2254(e)(1), a state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman,* 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke,* 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express factual findings, but also to the state court's implicit findings. *Garcia,* 454 F.3d at 444-45 (citing *Summers v. Dretke,* 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831 (2000), the rule applies only to the

extent that it does not conflict with the habeas rules.  Section 2254(e)(1) — which mandates that findings of fact made by a state court are "presumed to be correct" — overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.  Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence," the state court's findings of fact must be accepted as correct. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002).

Zamora is a *pro se* petitioner.  *Pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as lawyers' pleadings.  *See Martin v. Maxey,* 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. Unit A June 1981).  This court broadly interprets Zamora's state and federal habeas petitions.  *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).

## IV.     The Claim that Trial Counsel Provided Ineffective Assistance

To prevail on an ineffective-assistance claim, a petitioner must show that his counsel's actions fell below an objective standard of reasonableness and that the petitioner suffered prejudice as a result.  *Strickland v. Washington,* 466 U.S. 668 (1984); *Martin v. Cain,* 246 F.3d 471, 477 (5th Cir. 2001).  The district court may dispose of a claim if the performance was not constitutionally deficient or no prejudice is shown.  A court need not address the reasonableness component first. If a petitioner fails to make one of the required showings, the court need not address the other. *Strickland,* 466 U.S. at 697.

In assessing counsel's performance, the court must presume that it falls within the "wide range of reasonable professional assistance" and that "the challenged action might be considered

sound trial strategy." *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993). If counsel's challenged actions are based on well-informed strategic decisions, they are "well within the range of practical choices not to be second-guessed." *Rector v. Johnson,* 120 F.3d 551, 564 (1997) (quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)).

To show prejudice, a convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. An attorney's strategic choices based on information supplied by the defendant and gathered from an investigation of the relevant law and facts "are virtually unchallengeable." *Strickland,* 466 U.S. at 691.

The state habeas court entered the following findings:

> 7.      Trial counsel Brian Coyne has filed an affidavit in the instant case in response to the Court's order for affidavit in the instant case.
>
> 8.      The Court has read the affidavit of trial counsel Brian Coyne, and finds it to be reliable and credible.
>
> 9.      The applicant fails to show that but for deficient representation, a reasonable probability exists that the results of the proceeding would have been different.
>
> 10.     The totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of trial counsel.

(Docket Entry No. 10-25, p. 7).

In the habeas context, "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.  The standards *Strickland* and § 2254(d) set

are 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter,* 562 U.S. 86 (2011) (citations omitted).  Because the "*Strickland* standard is a general one," "the range of reasonable applications is substantial." *Id.*

Each of the four aspects of Zamora's ineffective-assistance claim is analyzed separately.

### A.    The Claim that Trial Counsel was Deficient in Failing to Object to State's Witnesses' Testimony

In three related claims, Zamora asserts that counsel provided ineffective assistance by failing to make certain objections at trial.  First, Zamora claims that his counsel should have objected when Officer Anderson testified that he found marijuana on Zamora, because that amounted to the admission of an extraneous offense.  Second, Zamora faults trial counsel for not objecting to Officer Anderson's "perjured" testimony.  Zamora refers to Officer Anderson's testimony that the video recorder in his patrol vehicle was broken.  At trial, counsel cross-examined Officer Anderson about a subpoena that the Pasadena Police Department responded to by stating that the video had been destroyed under a policy requiring all recordings to be destroyed after 90 days.  Officer Anderson did not receive or respond to the subpoena himself.  Zamora alleges the Pasadena Police Department's response to the subpoena contradicted Officer Anderson's testimony.  Third, Zamora alleges that trial counsel failed to object to Officer Ramirez's testimony that she found the weapon on Zamora's person.  Zamora notes that Officer Anderson testified he was the one who found the weapon.  Zamora asserts that Officer Ramirez's testimony conflicted with Officer Anderson's testimony, so that Officer Ramirez's testimony was false.

Zamora's trial counsel submitted an affidavit to the state habeas court, in which he stated:

> 1.      I did not believe it was beneficial to the client to object to testimony regarding the baggie of marijuana. It is my experience that jurors take a dim view of defense attorneys, whom they think might be trying to conceal evidence that is clearly admissible.

> 2, 3.      I do not have an independent recollection of this particular testimony. I know that in my experience as a trial attorney, juries do not like defense attorneys to accuse police officers of perjury. This is especially true in situations where the inconsistency is neither relevant nor material in proving the elements the prosecution is required to prove.

(Docket Entry No. 10-25, p. 3).

The state habeas court entered the following findings:

> 14.      Coyne's decision not to object to the testimony regarding and admission of evidence of the extraneous offense of possession of marijuana was a strategic decision based on Coyne's experience that jurors take a dim view of defense attorneys whom they think might be trying to conceal evidence that is clearly admissible.

> 15.      The applicant fails to show that the trial court would have either sustained the objection, or that he would have committed error in overruling the objection. *Ex parte White*, 160 S.W.3d 46, (Tex. Crim. App. 2004; *Vaughn v. State*, 931 S.W.2d 564 (Tex. Crim. App. 1996).

> Alleged Perjury

> 16.      Coyne has no independent recollection of the trial testimony regarding whether the video recorder in Officer Anderson's patrol vehicle was operative. However, Coyne's practice not to object to a police officer's testimony on the basis of perjury is a strategic decision based on Coyne's experience that jurors do not like defense attorneys to accuse police officers of perjury, especially in situations where the inconsistency is neither relevant nor material in proving the elements the prosecution is required to prove, and is a reasonable strategy.

17.     Coyne has no independent recollection of the trial testimony regarding where the weapon was recovered, or which officer recovered the weapon.  However, Coyne's practice not to object to a police officer's testimony on the basis of perjury is a strategic decision based on Coyne's experience that jurors do not like defense attorneys to accuse police officers of perjury, especially in situations where the inconsistency is neither relevant nor material in proving the elements the prosecution is required to prove, and is a reasonable strategy.

18.     The applicant fails to show that Coyne's decision not to object to the trial testimony regarding whether the video recorder in Officer Anderson's patrol vehicle was operative fell below an objective standard of reasonableness.

19.     The applicant fails to show that Coyne's decision not to object to the trial testimony regarding where the weapon was recovered, or which officer recovered the weapon fell below an objective standard of reasonableness.

20.     The applicant offers – at best – only conclusory allegations that the witnesses presented conflicting testimony.

21.     The applicant fails to show that the testimony used by the State was perjured.  *Luck v. State,* 588 S.W.2d 371, 373 (Tex. Crim. App. 1979) (op. on reh'g); *Hawkins v. State,* 660 S.W.2d 65, 75 (Tex. Crim. App. 1983).

(Docket Entry No. 10-25, p. 7; Docket Entry No. 10-26, p. 1).

The state habeas court concluded:

9.     To show ineffective assistance of counsel for failure to object, the applicant must show that the trial court would have either sustained the objection or that he would have committed error in overruling the objection.  *Ex parte White,* 160 S.W.3d 46 (Tex. Crim. App. 2004); *Vaughn v. State,* 931 S.W.2d 564 (Tex. Crim. App. 1996).

10.     An isolated failure to object generally does not in itself constitute ineffective assistance.  *Bridge v. State,* 726 S.W.2d 558 (Tex. Crim. App. 1986).

Alleged Perjury

11.     A charge of perjury is a serious accusation and must be clearly supported by the evidence. *Haywood v State,* 507 S.W.2d 756, 760 (Tex. Crim. App. 1974).

12.     A defendant bears the burden of showing that testimony used by the State was perjured. *Luck v. State,* 588 S.W.2d 371, 373 (Tex. Crim. App. 1979) (op. on reh'g); *Hawkins v. State,* 660 S.W.2d 65, 75 (Tex. Crim. App. 1983).

13.     Conclusory allegations are not enough to overcome the State's denial. *Ex parte Empey,* 757 S.W.2d at 775; *Ex parte Young,* 418 S.W.2d 824.

14.     Even if conflicting testimony is presented, that fact alone would not indicate perjury. *Losada v. State,* 721 S.W.2d 305, 312 (Tex. Crim. App. 1986); *Brown v. State*, 477 S.W.2d 617, 623 (Tex. Crim. App. 1972).

(Docket Entry No. 10-26, pp. 3-4).

The Court of Criminal Appeals expressly based its denial of habeas relief on these findings, which are presumed correct. 28 U.S.C. § 2254(e)(1). Zamora has not produced clear and convincing evidence to rebut these findings.

In his closing argument, trial counsel pointed to the fact that Officer Anderson's video camera in his patrol vehicle was not working. He noted that Officer Anderson had testified that his video camera was not working, but the subpoena indicated that the video had been destroyed in accordance with a Pasadena Police Department policy. Counsel further noted the inconsistencies between Officer Anderson's and Officer Ramirez's testimony. Counsel argued:

> They brought you the evidence that the police wanted you to have. And they only brought you the evidence that the police wanted you to have. They didn't bring you any evidence that might exculpate or show that my client wasn't guilty of this offense.

Conveniently enough and strangely enough, Officer Anderson's video camera wasn't working that night.   That's just a little too inconvenient – or too convenient, isn't it?  His camera, which would have shown everything that he testified to, wasn't working.  And if it had been, it wouldn't have mattered because he wouldn't have brought the video anyway because he never got the subpoena.  He's the lead officer in a criminal case whereby somebody is trying to put this man away for the rest of his life and he didn't get the subpoena. That's a little strange, isn't it?  Did he call and let anybody know his video camera wasn't working?  No.  Did he know he was a lead officer in a case that was going to trial?  Absolutely.  But he didn't get the subpoena.  And neither did Officer Ramirez.  She didn't get a subpoena.  They all got down here at the request of the State of Texas, but nobody got anything from the defense.

Does that bother anybody?  It should.  Would it bother you if it was your child on trial for the same kind of offense and you got the same kind of response from the police officers when you were trying to fashion a defense?  It would bother me and it does bother me.  And I'll tell you why it bothers me because they want you to believe 100 percent that every one of these officers remembers 100 percent of what happened and was telling you 100 percent of the truth when we know that's not real.

They can't even get straight who took the gun out of this man's pocket.  Unequivocably Officer Anderson said, I took it out of the pocket.  I put it in the trunk of the vehicle.  I took Mr. Zamora and put him in my backseat and took him to the jailhouse.  Is that true?  Is it? If that's true, then she told you a lie.

And you think that that's a minor inconsistency?  I don't think that's minor.  I think that is one major attempt to mislead a jury as to whether or not this man is guilty of an offense.  Typically police like to get everybody they can involved in criminal activity.  You think they didn't know this man had some prior convictions?  Of course they did.  It pops up on his computer.  I bet that was working in his car.  I bet his computer was working in his car.  I bet he knew the defendant had a prior conviction.  Video camera was broken.

But Officer Ramirez tells you about going out without a video camera, said she wouldn't do it.  Not the policy.  Yet this man goes out with a busted camera, said he noticed it early on.  He could have

changed cars.  We know every patrol car was not in use that night.
You know how many extra patrol cars the police department have.
They don't limit it to just barely enough to cover.  You know that
man could have changed that patrol car and got a car that had a video
camera that worked.  I don't know if his video camera worked or not.
I'll bet you if there had been a police shooting that night, that video
camera had worked.

(Docket Entry No. 9-10, pp. 4-7).

Trial counsel tried to raise a reasonable doubt as to whether Zamora had possessed a weapon.

Counsel challenged the chain of custody as to the weapon.  Rather than object to the inconsistencies

in the officers' testimony, counsel made a tactical decision to emphasize them during his closing

argument.  He argued that the various inconsistencies established a reasonable doubt as to Zamora's

guilt.  This is the type of strategic choice that, on this record, defense counsel could reasonably make,

and that a federal habeas court does not second-guess.

Zamora also alleges that the prosecutor knowingly presented false and perjured testimony

by Officer Ramirez.  A petitioner alleging this claim must prove that the prosecution knowingly

presented false testimony.  *Napue v. Illinois,* 360 U.S. 264 (1959).  Mere inconsistencies or errors

in a witness's testimony do not establish perjury.  *Koch v. Puckett,* 907 F.2d 524, 531 (5th Cir.

1990).

The jury heard the testimony of Officer Anderson and Officer Ramirez.  The jury could, and

did, decide whether discrepancies in their testimony affected their credibility.  Nothing in the record

suggests that Officer Anderson or Officer Ramirez knowingly gave false testimony or that the state

prosecutor knew their testimony to be false.  *See Napue v. Illinois*, 360 U.S. 264, 271 (1959).

Discrepancies in witnesses' testimony present a credibility question for the jury and do not establish

perjury. *See Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990); *Little v. Butler*, 848 F.2d 73, 76

(5th Cir. 1988). Zamora's conclusory assertions that their testimony was false is insufficient to show

that the State knowingly presented false, material testimony. *See United States v. Leahy*, 82 F.3d

624, 632 (5th Cir. 1996); *United States v. Washington*, 44 F.3d 1271, 1282 (5th Cir. 1995).

The state court's decision as to the effective assistance of trial counsel reasonably applied the

law to the facts, consistent with clearly established federal law. Zamora has not shown that he is

entitled to the relief he seeks on this ground. 28 U.S.C. § 2254(d)(1).

**B.      The Claim that Trial Counsel was Deficient in Failing to Object to the Illegal Search**

Zamora alleges that trial counsel failed to object to the pat-down search that uncovered the

weapon. Zamora raised this issue on appeal. The Texas Appellate Court found as follows:

> In his first issue, appellant contends that his trial counsel rendered
> ineffective assistance by failing to move to suppress the weapon
> discovered on appellant during the allegedly illegal pat down search.
> To prevail on an ineffective assistance of counsel claim, the appellant
> must demonstrate, by a preponderance of the evidence, that (1) his
> trial counsel's performance was deficient and (2) a reasonable
> probability exists that, but for the deficiency, the result of the
> proceeding would have been different. *Strickland v. Washington,* 466
> U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed.2d 674
> (1984). The appellant must first show that his counsel's performance
> fell below an objective standard of reasonableness, which does not
> require showing that counsel's representation was without error.
> *Robertson v. State,* 187 S.W.3d 475, 483 (Tex. Crim. App. 2006);
> *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The
> second prong of *Strickland* requires the appellant to demonstrate
> prejudice—a reasonable probability that, but for his counsel's
> unprofessional errors, the result of the proceeding would have been
> different. *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068; *Thompson,*
> 9 S.W.3d at 812. A reasonable probability is a probability sufficient
> to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694,
> 104 S. Ct. at 2068. We indulge a strong presumption that counsel's

conduct fell within the wide range of reasonable professional assistance, and therefore the appellant must overcome the presumption that the challenged action constituted "sound trial strategy." *Id.* at 689, 104 S. Ct. at 2065; *Williams v. State,* 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

Our review is highly deferential to counsel, and we do not speculate regarding counsel's trial strategy. *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To prevail, the appellant must provide an appellate record that affirmatively demonstrates that counsel's performance was not based on sound strategy. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *see Thompson,* 9 S.W.3d at 813 (holding that record must affirmatively demonstrate alleged ineffectiveness). If the record is silent regarding the reasons for counsel's conduct—as it usually is on direct appeal—then the record is insufficient to overcome the presumption that counsel followed a legitimate trial strategy. *Tong v. State,* 25 S.W.3d 707, 714 (Tex. Crim. App. 2000); *Thompson,* 9 S.W.3d at 813–14; *see also Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) ("[I]n the absence of evidence of counsel's reasons for the challenged conduct, an appellate court . . . will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it.").

Trial counsel's failure to file a motion to suppress evidence is not per se ineffective assistance of counsel. *Kimmelman v. Morrison,* 477 U.S. 365, 384, 106 S. Ct. 2574, 2587, 91 L. Ed.2d 305 (1986). "Counsel is not required to engage in the filing of futile motions ." *Hollis v. State,* 219 S.W.3d 446, 456 (Tex. App. – Austin 2007, no pet.) (citing *Mooney v. State,* 817 S.W.2d 693, 698 (Tex. Crim. App. 1991)). Rather, to prevail on an ineffective assistance claim based on counsel's failure to file a motion to suppress, "an appellant must show by a preponderance of the evidence that the result of the proceeding would have been different—i.e., that the motion to suppress would have been granted and that the remaining evidence would have been insufficient to support his conviction." *Id.* (citing *Jackson v. State,* 973 S.W.2d 954, 956–57 (Tex. Crim. App. 1998)). To meet this burden, the appellant must produce evidence that defeats the presumption of proper police conduct. *Id.* (citing *Jackson,* 973 S.W.2d at 957). The appellant must therefore develop facts and details of the search sufficient to conclude that the search is invalid. *Id.* (citing *Jackson,* 973 S.W.2d at 957). Simply contending that there

"may be questions about the validity of the search is not enough" to support an ineffective assistance claim based on counsel's failure to move to suppress evidence. *Jackson,* 973 S.W.2d at 957.

A police officer has the right to briefly detain and investigate a person when the officer has a reasonable suspicion that the person is involved in criminal activity. *State v. Sheppard,* 271 S.W.3d 281, 287 (Tex. Crim. App. 2008) (citing *Terry v. Ohio,* 392 U.S. 1, 21, 88 S. Ct. 1868, 1880, 20 L. Ed.2d 889 (1968)). If the officer has a reasonable belief that the person is armed and dangerous, the officer may conduct a pat down search to determine whether the person is carrying a weapon. *Id.* (citing *Terry,* 392 U.S. at 27–28, 88 S. Ct. at 1883); *State v. Castleberry,* No. PD–0354–10, 2011 WL 709697, at *5 (Tex. Crim. App. Mar. 2, 2011); *O'Hara v. State,* 27 S.W.3d 548, 550 (Tex. Crim. App. 2000); *Carmouche v. State,* 10 S.W.3d 323, 329 (Tex. Crim. App. 2000). "It would be unreasonable to deny a police officer the right to neutralize the threat of physical harm." *O'Hara,* 27 S.W.3d at 550. The scope of this search is limited, and its purpose is "not to discover evidence of a crime, but to allow the peace officer to pursue investigation without fear of violence." *Carmouche,* 10 S.W.3d at 329 (quoting *Wood v. State,* 515 S.W.2d 300, 306 (Tex. Crim. App. 1974)).

Before conducting a valid pat down search, the police officer need only be able to "point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *O'Hara,* 27 S.W.3d at 550–51 (quoting *Terry,* 392 U.S. at 21, 88 S. Ct. at 1880); *Carmouche,* 10 S.W.3d at 329. The determination of whether a Fourth Amendment violation occurred in conjunction with a pat down search "turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time, and not on the officer's actual state of mind at the time the challenged action was taken." *O'Hara,* 27 S.W.3d at 551 (quoting *Maryland v. Macon,* 472 U.S. 463, 470–71, 105 S. Ct. 2778, 2783, 86 L. Ed.2d 370 (1985)). The officer need not be absolutely certain that the individual is armed before conducting a pat down. *Id.* The relevant issue is whether a reasonably prudent person would justifiably believe that his safety or the safety of others was in danger. *Id.* (citing *Terry,* 392 U.S. at 27, 88 S. Ct. at 1883); *see also Castleberry,* 332 S.W.3d 460, 2011 WL 709697, at *7 (holding same).

Roadside encounters between police and suspects are "especially hazardous." *Michigan v. Long,* 463 U.S. 1032, 1049, 103 S. Ct. 3469, 3481, 77 L. Ed.2d 1201 (1983); *Carmouche,* 10 S.W.3d at 330. Furthermore, "a police officer's reasonable belief that a suspect is armed and dangerous may be predicated on the nature of the suspected criminal activity." *Carmouche,* 10 S.W.3d at 330 (citing *Terry,* 392 U .S. at 27–28, 88 S. Ct. at 1883); *Sargent v. State,* 56 S.W.3d 720, 725–26 (Tex. App. - Houston [14th Dist.] 2001, pet. ref'd). It is well settled that weapons and violence are frequently associated with drug activities and transactions. *See Carmouche,* 10 S.W.3d at 330; *Martinez v. State,* 236 S.W.3d 361, 370 (Tex. App. – Fort Worth 2007, pet. ref'd, untimely filed); *see also Lemons v. State,* 135 S.W.3d 878, 884 (Tex. App. – Houston [1st Dist.] 2004, no pet.) ("We find that the *Terry* stop and search were proper. [Officer] McGann testified that, as a result of his experience and training, when he is involved in narcotics situations, he conducts pat-downs to check for weapons because there is a greater chance of weapons being present."). Based on an officer's knowledge of a person's suspected drug activities, an officer may reasonably believe that the person is armed and dangerous and, therefore, may conduct a limited search for weapons. *Carmouche,* 10 S.W.3d at 330; *Sargent,* 56 S.W.3d at 726; *see also Martinez,* 236 S.W.3d at 370 ("Thus, encountering one who is reasonably suspected of engaging in drug activity can justify a brief and minimally intrusive frisk of his person.").

Appellant contends that his pat down search was illegal because "there were no objective, articulable facts to justify a protective search of [his] outer clothing." Appellant points out that neither Officer Anderson nor Officer Ramirez testified that appellant made any furtive gestures or attempted to flee the scene and that neither officer testified that he observed any "suspicious bulge[s]" in appellant's clothing before the search. Appellant also notes that, although Officer Ramirez testified that she pats everyone down before placing them in her vehicle, no evidence in the record demonstrates why she had a right to place appellant in her vehicle. Appellant thus concludes that, had defense counsel moved to suppress the weapon, the trial court would have granted the motion.

Officer Anderson testified that he observed the driver of the vehicle swerving between lanes in an area known for alcohol-related traffic stops and accidents. After he stopped the vehicle, following an additional traffic violation, Officer Anderson spoke to the driver and

smelled "the distinct odor of burnt marijuana on his person." Two other individuals, including appellant, were in the car, and Officer Anderson testified that smelling marijuana on someone inside a vehicle "[g]ives [him] a pretty good clue that there's something going on inside that vehicle that either the driver or the participants are taking part in." He further testified that, in situations such as this one, in order to determine the source of the odor, he prefers to separate the occupants to "make sure there is nothing on them that's going to hurt [the officers]" and to "get a straight story out of somebody as to what's going on." Officer Anderson later testified on cross-examination that he "viewed each person inside that vehicle as a potential threat to [his] officer safety." Officer Ramirez testified that she always conducts a pat down before she puts someone in her vehicle for "safety reasons" and as "part of [her] training."

If an officer conducts a pat down search solely as a matter of routine, this fact, standing alone, is insufficient to justify the search. *O'Hara,* 27 S.W.3d at 553–54. The Court of Criminal Appeals noted, however, that, even if an officer erroneously conducts a pat down search as a matter of routine, the objective facts of the case may "nevertheless justify the pat down." *Id.* Although Officer Ramirez testified that she pats everyone down before placing them in her vehicle, Officer Anderson also testified that he suspected that the occupants of the vehicle were engaged in drug activity due to the driver's erratic driving and the "distinct odor" of burnt marijuana after the vehicle was stopped. Given the close connection between drug activity and violence, the trial court could have concluded that it was not unreasonable for the officers in this case to conduct a limited search for weapons. *See Carmouche,* 10 S.W.3d at 330; *Martinez,* 236 S.W.3d at 370; *Lemons,* 135 S.W.3d at 884; *Sargent,* 56 S.W.3d at 726.

To prevail on his ineffective assistance claim based on counsel's failure to move to suppress the weapon found during a pat down, appellant bears the "burden to develop facts and details of the search sufficient to conclude that the search was invalid." *Jackson,* 973 S.W.2d at 957. Appellant contends that the trial court would have granted a motion to suppress in this case because neither officer affirmatively testified regarding furtive gestures, visible suspicious bulges, or attempts to flee the scene by appellant. Here, however, there were sufficient indicia of drug activity to justify the search for weapons. Moreover, it was appellant's burden to elicit testimony to

establish the invalidity of the search. *See id.* He did not do so. Mere questions about the validity of the search are not sufficient to support an ineffective assistance claim. *Id.* We therefore conclude that, based upon this record, appellant has not established by a preponderance of the evidence that the trial court would have granted a motion to suppress the weapon. We hold that appellant has not met his burden under *Strickland* to establish that his trial counsel rendered ineffective assistance.

We overrule appellant's first issue.

*Zamora v. State,* No. 01-09-01049-CR, 2011 WL 1434692, at *2-6 (Tex. App. – Houston [1st Dist.] 2011, pet. ref'd) (not designated for publication).

The state habeas court also addressed this issue and found no basis for relief:

Search and Seizure

22.     In Coyne's education, experience, and knowledge of the law, it was clearly evident that the officers acted legally and within the bounds of the United States and Texas Constitutions in executing the search of the applicant's person at the time of the arrest.

23.     Coyne's decision not to file motions he deems frivolous so as to maintain a better perception with the triers of the facts was a reasonable strategy.

24.     The applicant's claim that trial counsel was deficient for failing to object to the search of his person at the time of his arrest was essentially argued, considered, and rejected on direct appeal. *Zamora v. State,* No. 01-09-01049-CR at 5-12, 2011 WL 1434692 at *2-*6 (Tex. App. – Hous. [1st Dist.] April 14, 2011, pet. ref'd.).

25.     The applicant fails to show that Coyne's decision not to file a motion challenging the search of the applicant at the time of his arrest fell below an objective standard of reasonableness.

(Docket Entry No. 10-26, p. 2).

The state habeas court found the facts stated in trial counsel's affidavit to be true and concluded that Zamora had received reasonably effective assistance of counsel. The Court of Criminal Appeals expressly based its denial of habeas relief on this finding. These determinations are presumed correct. 28 U.S.C. § 2254(e)(1); *Moore v. Johnson,* 194 F.3d 586, 604 (5th Cir. 1999) (op. on reh'g). Zamora has not produced clear and convincing evidence to rebut this finding.

The record fully supports the state court's determination. Trial counsel made a tactical decision not to object to the search of Zamora's person. Counsel did not want to damage his credibility with the jury by making a frivolous objection. Such a strategic choice is entitled to deference and, on this record, was a reasonable choice to make. The state court's decision as to the effective assistance of trial counsel reasonably applied the law to the facts, consistent with clearly established federal law. Zamora has not shown that he is entitled to the relief he seeks on this ground. 28 U.S.C. § 2254(d)(1).

## V.    The Claim that Appellate Counsel Provided Ineffective Assistance

Zamora alleges that his appellate counsel provided ineffective assistance by failing to raise on appeal the issue of whether the State improperly referred to a prior conviction through Officer Anderson's testimony. Zamora refers to the following exchange at trial:

> A.    They were all — the defendants were all processed in our city jail.
>
> Q.    What does it mean — and let's talk about Zamora specifically. What does it mean to process Mr. Zamora?
>
> A.    We contacted district attorney's office, we get the charges accepted. I had to do a little bit of research in order to come up with the charge of the felon in possession of a firearm.

Q.   What kind of research did you do on Mr. Zamora's case?

A.   Ran a criminal history on him, found out he was released from the Texas Department of Criminal Justice –

MR. COYNE:  Objection.  May we approach the bench?

THE COURT:  You may.

(At the Bench)

MR. COYNE:  Surely this officer knows better than to blurt out somebody's previous convictions; and if he doesn't know better, he could have been informed.  I'm going to state — now I'm going to ask you for a mistrial.  That's a bell that cannot be unrung.  We're not talking about Texas Department of Corrections.  When we have admitted to a conviction that came out of Potter County, that was the State Jail conviction of unauthorized use.

MS. SAMPLE:  Rather than the mistrial, I truly apologize.  It was not my intention to have Officer Anderson go into anything outside of the stipulation.   Could we have a limited instruction to the jury or instructions to strike, whatever we need to, short of a mistrial and may I have a moment to speak with Officer Anderson?

THE COURT:  You may.

(End bench discussion)

THE COURT:  And ladies and gentlemen, I'm going to ask you to disregard — your motion is overruled and I'm going to give a limited instruction that you will disregard what this officer has just said.

MS. SAMPLE:  May I have one moment to speak with him?

THE COURT:  You may.

MR. COYNE:  Judge, I would reurge my motion for a mistrial.

THE COURT:  And that's overruled.

(Docket Entry No. 9-9, Trial Transcript, pp. 30-32).

Appellate counsel's performance is reviewed under *Strickland*. *See Goodwin v. Johnson,* 132 F.3d 162, 170 (5th Cir. 1998). Zamora must allege and present facts that, if proven, would show that his attorney's representation was deficient and that the deficient performance caused Zamora prejudice. *See Strickland,* 466 U.S. at 687-88, 692; *Jones v. Jones,* 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean counsel will raise every available nonfrivolous ground for appeal. *See Evitts,* 469 U.S. at 394; *West v. Johnson,* 92 F.3d 1385, 1396 (5th Cir. 1996). Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *See Evitts,* 469 U.S. at 394. To show prejudice, Zamora must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jones,* 163 F.3d at 302 (quoting *Strickland,* 466 U.S. at 694).

The record shows that on appeal, counsel argued that Zamora was denied effective assistance when trial counsel failed to move to suppress the fruits of an illegal search and seizure, and that the trial court erred in admitting evidence of an extraneous offense of marijuana possession. (Docket Entry No. 9-13, Appellant's Brief, p. 8). The issue is appellate counsel's decision not to argue that the State presented evidence of another extraneous offense.

The state habeas court found:

Designation of Appellate Claims

11.    The trial court instructed the jury to disregard Officer Anderson's testimony regarding the applicant's prior incarceration.

12.    The applicant fails to demonstrate that the trial court's instruction to the jury to disregard Officer Anderson's testimony about the applicant's prior incarceration did not cure the error, or that the issue had a reasonable likelihood of prevailing on appeal, such that Crowley's failure to raise it rendered his assistance ineffective.

*Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (citing *Strickland*, 466 U.S. at 687-91, 694).

13.      The applicant fails to show that the claims raised by appellate counsel Sidney J. Crowley on appeal fell outside the norms of professional judgment. *See Jones v. Barnes*, 463 U.S. 745 (1983); *Ex parte Butler*, 884 S.W.2d 782, 783 (Tex. Crim. App. 1994).

(Docket Entry No. 10-25, p. 7).

The state habeas court concluded:

5.      An instruction to disregard improper testimony usually cures error. *Crawford v. State*, 603 S.W.2d 874 (Tex. Crim. App. 1980).

6.      An attorney "need not advance *every* argument, regardless of merit, urged by the appellant," and to do so would disserve the very goal of vigorous and effective appellate advocacy. *Evitts v. Lucey*, 469 U.S. 387 (1985) (emphasis in original).

7.      An applicant must demonstrate that counsel's decision not to raise a particular point of error was objectively unreasonable and that there is a reasonable probability that, but for counsel's failure to raise that issue, the applicant would have prevailed on appeal. *Robbins*, 528 U.S. at 285-86 (citing *Strickland*, 466 U.S. at 687-91, 694).

8.      "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Strickland*, 466 U.S. at 694.

(Docket Entry No. 10-26, p. 3).

The Court of Criminal Appeals implicitly based its denial of habeas relief on these findings, which are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). Zamora has not produced clear and convincing evidence to rebut these findings. The record shows that appellate counsel's decision was well within the category of reasonable choices presumed to be proper professional judgment. There is no showing of a reasonable probability that, even assuming appellate counsel made unprofessional errors, the result of the proceeding would have been different

but for such errors. *Wilson v. Cockrell*, 2003 WL 21672834, at *11 (5th Cir. July 17, 2003); *Duhamel v. Collins,* 955 F.2d 962, 965 (5th Cir. 1992).

The state court's decision as to the effective assistance of appellate counsel reasonably applied the law to the facts, consistent with clearly established federal law. Zamora has not shown that he is entitled to the relief he seeks. 28 U.S.C. § 2254(d)(1).

## VI.   Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 15), is granted. Zamora's petition for a writ of habeas corpus is denied. This case is dismissed. Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability from a district court's denial of habeas relief. 28 U.S.C. § 2253(c)(2). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322 (2003)(citing 28 U.S.C. § 2253(c)(1)). A COA will be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (citation and internal quotation marks omitted). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Id.* Rather, "'[t]he petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Id.* at 1040 (citing *Slack v. McDaniel,* 529 U.S. 473, 484).

A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The court finds that Zamora has not made "a substantial showing of the denial of a constitutional right," and will not issue a certificate of appealability.

SIGNED on March 3, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge